[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RENEWED MOTION FOR SUMMARY JUDGMENT
This is a three count complaint seeking damages for wrongful garnishment tortious interference and abuse of process based on garnishments of plaintiffs' funds pursuant to a pre-judgment remedy order signed by Judge Freed on November 15, 1991. CT Page 1222
On February 20, 1996, this court denied previous motions of both parties for summary judgment, on the ground that interpreting another judges pre-judgment order posed great difficulty and left unresolved issues of material fact. Thereafter, in response to a motion for articulation, Judge Freed indicated on February 29, 1996 that he intended all assets of the defendants disclosed from any source to be included in his order and specifically ruled that the last line of page two of his order should read "of the defendants and are indebted to them and as may be disclosed."
Both plaintiffs and defendants have filed renewed motions for summary judgment, the plaintiffs claiming that Judge Freed's articulation should not be considered by this court because he "was without jurisdiction to articulate as he did and because the articulation was a change in the terms of his judgment and cannot be effective retroactively.
A motion for articulation presupposes ambiguity or incompleteness in the legal reasoning of the trial court.State v. Wilson, 199 Conn. 417, 434 (1986). The motion for articulation made in this case was proper and a logical step to take following this court's decision on February 20, 1996, particularly since it was noted that plaintiffs had never made any disclosure of assets. In his Response to Plaintiffs' Motion for Reconsideration dated April 15, 1996, Judge Freed stated "By this articulation, the court does not intend to change the substance of its original order, but merely to clarify it." Clerical errors may be corrected by a court through articulation at any time. Maguire v.Maguire, 222 Conn. 32 (1992).
There is no question that the original prejudgment order was ambiguous as to the question as to whether defendants could attach assets other than those "disclosed." Judge Freed's articulation was a clerical correction which made it clear that all assets of the plaintiffs disclosed from any source were subject to garnishment. Since plaintiffs' entire complaint is based on the premise that only assets "disclosed" by them could be garnished, they have no cause of action and defendants' renewed motion for summary judgment is granted. Plaintiffs' renewed motion for summary judgment is denied.
Terry, Wagner CT Page 1223 Trial Judge Referee